FORET, Judge.
Defendant, Lamar Randle, was convicted by a unanimous jury of twelve of aggravated burglary, a violation of La.R.S. 14:60, and was sentenced to serve twenty years at hard labor in the custody of the Department of Corrections. Defendant appeals this conviction and sentence based on two assignments of error.
FACTS
On September 17,1986, the victim, Nevie Flemming, returned to her home around noon and discovered an intruder inside her home in the hall adjacent to the kitchen. The victim went to the hall in order to determine who was there and observed a black man trying to get out the back door. As she began screaming, the black male turned, moved toward her, and struck her in the face with his fist. He then grabbed a portable stereo music box and ran out the front door.
Meanwhile, the victim’s screams awoke Sandra Martin, who had been asleep in another part of the house. Ms. Martin also observed the intruder in the home. She and the victim pursued the intruder as he fled the residence and ran into a neighbor’s yard.
Once outside, Ms. Flemming and Ms. Martin were directed toward a neighbor’s house by two people in a passing car. In response, Ms. Flemming looked and observed the same black male in the neighbor’s yard. Subsequently, the intruder left the area. Meanwhile, Ms. Martin retrieved the music box from behind the neighbor’s house where the man had been.
Police were called and Detective Dwayne Arceneaux responded. Following the initial report of Det. Arceneaux, wherein Ran-dle was listed as a suspect, Det. Ned Ewing constructed a photographic lineup consisting of a photo of defendant and four other males. The lineup was shown to both the victim, Nevie Flemming, and the witness, Sandra Martin. Each of them picked Ran-dle as the perpetrator of the aggravated burglary of Ms. Flemming’s home. Hence, Randle was arrested, formally charged, and tried for the offense which resulted in his conviction and the instant appeal being taken.
MERITS
Randle contends that the trial court erred in that the weight of the evidence is insufficient to meet the standard of Jackson v. Virginia, which is essential for conviction.
In support of his conviction, Randle argues that the “conviction is based on the supposed identification of the defendant as a perpetrator of the robbery.” He contends this identification is faulty because the witnesses’ identification was based on other people pointing to the defendant suggesting he was the man. Moreover, defendant urges that other evidence offered by the State was merely cumulative.
*352 It appears that the State presented overwhelming evidence that the defendant did commit the crime for which he was charged and convicted. At trial, the State adduced testimony from six witnesses. Among these were the victim, Nevie Flem-ming; three eye witnesses, Sandra Martin, Marie George, and Frank Henry, who testified that they were at the scene and observed Randle either in or near the victim’s home at the time the crime occurred; and two law enforcement officers who conducted the investigation relative to the crime, Detectives Dwayne Arceneaux and Ned Ewing.
In addition to their testimony as to the facts, both the victim and Sandra Martin made positive in-court identifications of Randle as the perpetrator as well as selecting him from a photo lineup. The State’s witness, Marie George, testified that as she was driving to her mother’s house, about a half block from the victim’s house, she heard the victim screaming in the street. She requested her companion, Frank Henry, to go ahead of her to see about the victim. After Henry ran ahead, she started walking toward Ms. Flemming’s house and observed Randle, whom she recognized, drop something as he walked away from Ms. Flemming’s home. Further, she made a positive in-court identification of Randle as the person she observed walking away from the victim’s home. Finally, Frank Henry testified that he observed Randle standing in the victim’s next door neighbor’s yard. He also made a positive in-court identification of Randle as the person at the scene.
The record clearly contains sufficient evidence to support the fact that Randle committed the crime of aggravated burglary of the victim’s home. Therefore, Randle's assignment of error is without merit.
By his second assignment of error, Ran-dle contends that the trial court erred in imposing an excessively harsh sentence upon him, considering the nature of the particular offense and the lack of physical harm suffered by the victim. He argues that the victim was not injured, no excessive violence was used, and there was no threat of great bodily harm to either person who was in the home.
However, a clear examination of the record does not support defendant’s contentions in this matter. Rather, the record reflects facts contrary to these contentions. The trial court articulated specific reasons for the sentence which are well supported by the record. Among those were:
1. Defendant was a multiple felony offender which precluded his being put on probation;
2. Defendant’s repeated convictions for burglary, theft, and robbery indicate a life of crime dating back to when defendant was a juvenile;
3. Defendant had not led a law abiding life, had been placed on probation in the past, and failed to respond affirmatively;
4. There was no mention of dependents who would be faced with excessive hardship if defendant would be incarcerated; and
5. The seriousness of the offense.
The record affirmatively shows that adequate consideration was given to the codal guidelines of La.C.Cr.P. art. 894.1 in particularizing Randle’s sentence. Therefore, this assignment of error is without merit.
CONCLUSION
For the above and foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.